# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COREY EISENBERG, <br>     Plaintiff(s), <br> v. <br> MARRIOTT INTERNATIONAL, INC., <br>     Defendant(s). | Case No. 2:25-cv-00208-NJK <br> **ORDER** |

This case was removed to federal court on diversity grounds. Docket No. 1.

The removal statute provides in pertinent part that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant contends that this case became removable on December 3, 2024, and that it removed the case a mere eight days later. *See, e.g.*, Docket No. 6 at 3. An obvious problem with this assertion is that Defendant did not file its removal papers until January 31, 2025, *see* Docket No. 1 (notice of electronic filing), which is 59 days after the triggering event identified by Defendant.[1] In short, it would appear on the face of the papers that removal was untimely.

Notwithstanding the above, the Court will not remand *sua sponte*. *See Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014). Instead, if Plaintiff seeks a remand on this basis, he must file a motion to remand in prompt fashion **within 30 days of removal**. *See* 28 U.S.C. §

---

[1] The Court does not herein opine on whether Defendant is accurate in indicating that the case only became removable as of December 2, 2024, which may be contrary to the record. *See* Docket Nos. 1-7, 1-10. The Court also does not herein opine on what (if anything) should result from the representations that the petition for removal was filed in early December when the record shows it was actually filed in late January.

1

1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). If Plaintiff does not file a motion to remand by this imminent deadline, the Court will deem waived any objection to the untimeliness of the removal.

IT IS SO ORDERED.

Dated: February 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge