UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COREY EISENBERG,<br><br>    Plaintiff(s),<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>    Defendant(s). | Case No. 2:25-cv-00208-NJK<br><br>**ORDER**<br><br>[Docket No. 12] |

The Court begins with an apt set of observations by the Ninth Circuit:

> We recognize that many attorneys who appear in this court rarely practice in federal court at all or are not in the federal system by their own choice, but, rather, were removed here by the opposing litigant. The fact that an attorney's federal practice is rare or infrequent, however, is no excuse for ignoring the rules of this court. Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court. It is incumbent upon an attorney practicing in [federal court] for the first time to secure and study the Federal Rules of [Civil] Procedure and the local rules of this [district] so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance. Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.

*Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998).

On January 31, 2025, Defendant removed this case from state court. Docket No. 1. While the proceedings here are still young, there have already been a number of stumbles. On February 28, 2025, the parties filed a joint status report proposing case management deadlines. Docket No. 9 at 3. The Court explained that, in contrast to the joint status report, the local rules outline the proper procedures for presenting a proposed discovery plan and scheduling order. Docket No. 10 (citing Local Rule 26-1). The Court ordered the parties to file a proposed discovery plan and scheduling order in compliance with the local rules by March 11, 2025. *Id.*

On March 11, 2025, Defendant filed a proposed discovery plan and scheduling order. Docket No. 12. This discovery plan violates the local rules in many ways. The most significant problem is that the discovery plan is not presented in joint fashion. *But see* Local Rule 26-1(a) ("the parties must submit a *stipulated* discovery plan" (emphasis added)). The Court has been given no reason of any kind why this discovery plan was filed in unilateral fashion or why Plaintiff chose to violate the Court's order that the parties must file a discovery plan by March 11, 2025. Defendant's proposed discovery plan is otherwise detached from the specific requirements in the local rules in numerous ways, including, *inter alia*, that it does not state in the caption that special scheduling review is being requested, it does not state the date on which Defendant answered or otherwise first appeared, it does not state the number of days for discovery that is being requested, it provides the same deadline for amendment as for initial experts, and it provides expert deadlines that depart from the timeframe envisioned by the local rules.[1]

The Court identified for the parties the governing local rules and expressly required that the discovery plan had to be filed in conformance with those rules. Docket No. 10. The pending discovery plan does not do so and is **DENIED** without prejudice.

Plaintiff's counsel is **ORDERED** to contact defense counsel immediately by telephone. All counsel of record must read Local Rule 26-1(a) and 26-1(b) in their entirety, word-for-word.[2] The parties are **ORDERED** to file a joint discovery plan in conformance with the local rules by March 19, 2025.

IT IS SO ORDERED.

Dated: March 12, 2025

                                                                                         Nancy J. Koppe
                                                                                         United States Magistrate Judge

---

[1] The Court does not attempt to catalogue all of the deficiencies in the pending discovery plan.

[2] These local rules require compliance with Rule 26(f) of the Federal Rules of Civil Procedure. Counsel must ensure that they are familiar with all requirements embodied in that rule.