# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COREY EISENBERG,<br><br>    Plaintiff(s),<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>    Defendant(s). | Case No. 2:25-cv-00208-___-NJK<br><br>**Order**<br><br>[Docket No. 17] |

Pending before the Court is a joint discovery plan that continues to have many problems. Docket No. 17.

**I.    MAGISTRATE JUDGE CONSENT**

Pursuant to General Order 2023-11, this case was assigned to the undersigned magistrate judge. *See* Docket No. 2. The Court explained the option to decline having a magistrate judge preside over the case, which required the submission of a particular form so indicating. *See, e.g.*, Docket No. 3 ("If you decide you want a District Judge to oversee your case, you must tell the court by completing and returning this form . . ."). Rather than completing and submitting the required form, the parties indicate in the pending discovery plan that "[t]he Parties are not consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73." Docket No. 17 at 6. Although this is not the proper means to do so, the Clerk's Office is instructed to construe this filing as a notice that the parties wish to opt out of the magistrate judge consent program.[1]

---

[1] Consent must be withdrawn within 21 days of a party's first appearance. *See, e.g.*, Docket No. 2 at 3. The time for Defendant to withdraw consent has long passed. It appears that Plaintiff's first appearance in this removed case, however, was a joint status report filed on February 28, 2025. *See* Docket No. 9. Accordingly, as to Plaintiff, it appears consent was withdrawn within the 21-day period.

1

## II.  CASE MANAGEMENT DEADLINES

The parties seek special scheduling review, asking for a discovery cutoff measured at 270 days after removal. Docket No. 17 at 2.[2] The parties seek extra time because Plaintiff is in Canada and his medical records are in French. *Id.*[3] The parties also seek other modifications to the default discovery period, including an elongated period to amend the pleadings and to exchange initial expert disclosures. *See id.* at 3. The Court will allow an extended discovery period of 270 days, but otherwise finds insufficient reason to depart from the default schedule established in the local rules. Accordingly, case management deadlines are set as follows:

- Amend pleadings/ add parties:  July 30, 2025
- Initial experts:  August 29, 2025
- Rebuttal experts:  September 28, 2025
- Discovery cutoff:  October 28, 2025
- Dispositive motions:  December 1, 2025
- Joint proposed pretrial order:  December 29, 2025, or 30 days after resolution of dispositive motions

In light of the lengthy discovery period provided herein, counsel must ensure that they pursue discovery with the required diligence. The Court intends to strictly apply the governing standards as to any future request to extend case management deadlines.

## III.  CONTINUED LOCAL RULE VIOLATIONS

The Court has already issued multiple orders addressing counsel's unfamiliarity with the rules and procedures of this Court. *See* Docket Nos. 10, 14. The Court has also expressly required counsel to read the governing rules. Docket No. 14 at 2. Nonetheless, the third try at a discovery

---

[2] Counsel's math is faulty. The discovery plan states that the parties want a discovery period of 270 days from the date of removal (January 31, 2025), but the discovery plan actually seeks a discovery period of 302 days measured from that date. *See* Docket No. 17 at 3 (seeking discovery cutoff of November 29, 2025). This is not the first time that timeframes have been misrepresented in the parties' papers. *See* Docket No. 8 at 1. It is not clear why this is a recurring problem. Counsel are cautioned that they must ensure that their future filings are accurate.

[3] For reasons unclear, this explanation is articulated in the section regarding "areas of discovery" rather than in the section regarding the time sought for discovery. *See* Docket No. 17 at 2.

plan continues to be filled with errors and violations, ranging from citing non-existent rules like "L.R. 26(e)(1)" or "Local Rule 26.1," to asking for a deadline for an interim status report under a provision in "LR 26-3" that was removed years ago, to filing this stipulated discovery plan unsigned by counsel, *but see* Local Rule 7-1(a), to botching the signature block for judicial approval, *cf.* Local Rule IA 6-2 (providing for a signature block for "UNITED STATES MAGISTRATE JUDGE").[4]

Although unsigned, it was Attorney Hayley Price[5] who agreed for Plaintiff to the filing of the discovery plan and it was Attorney Laura Brown who filed it on CMECF for Defendant. Attorneys Hayley Price and Laura Brown must read the local rules in their entirety and must file a declaration of compliance by March 31, 2025. The currently operative local rules were approved on April 17, 2020, and can be obtained on the Court's website. In addition, <u>all counsel are advised that future violation of the local rules may result in sanctions</u>.

## IV.   CONCLUSION

Upon review of the parties' proposed discovery plan, the Court hereby **ORDERS** as follows:

1. The Clerk's Office is **INSTRUCTED** to remove this case from the magistrate judge consent program and to assign a United States District Judge.
2. Case management deadlines are **SET** as follows:
    a. Initial disclosures:  March 31, 2025
    b. Amend pleadings/ add parties:  July 30, 2025
    c. Initial experts:  August 29, 2025
    d. Rebuttal experts:  September 28, 2025
    e. Discovery cutoff:  October 28, 2025
    f. Dispositive motions:  December 1, 2025

---

[4] Once again, this is not a complete list.

[5] While Attorney Price reviewed the discovery plan and gave permission to file it, *see* Docket No. 17-1, Attorney Price is not identified as an attorney of record.

  g. Joint proposed pretrial order: December 29, 2025, or 30 days after resolution of dispositive motions[6]

3. Attorneys Hayley Price and Laura Brown are **ORDERED** to read the local rules in their entirety and to file a declaration of compliance by March 31, 2025. As Attorney Price is not identified as counsel of record, Attorneys Brian Elstein and Brigette Elizabeth Foley-Peak must provide Attorney Price with a copy of this order.

IT IS SO ORDERED.

Dated: March 24, 2025

                _____
                Nancy J. Koppe
                United States Magistrate Judge

---

[6] The Court rejects the unelaborated request to depart from the required contents in the joint pretrial order. *See* Docket No. 17 at 3-4. Unless the assigned district judge orders otherwise, the parties must comply strictly with Local Rule 26-1(b)(6).

4