**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Corey Eisenberg, | Case No. 2:25-cv-00208-RFB-NJK |
| Plaintiff, | |
| v. | **Order** |
| | [Docket No. 33] |
| Marriott International, Inc., | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to compel and for an award of expenses. Docket No. 33. Defendant filed a response. Docket No. 35. Plaintiff filed a reply. Docket No. 40. The Court does not require a hearing. *See* Local Rule 78-1.

**I.     Background**

This case involves allegations of a slip-and-fall in a hotel bathtub. Docket No. 1-2 at ¶ 2. On January 31, 2025, Defendant removed the case from state court on diversity grounds. *See* Docket No. 1. On July 16, 2025, Plaintiff served interrogatories, requests for production, and requests for admissions. Docket No. 33-1 at ¶ 6. Defendant did not timely respond. *See id.* Plaintiff's counsel nudged defense counsel on multiple occasions as to the missing discovery, *see, e.g., id.* at ¶ 4, and defense counsel finally acknowledged on February 4, 2026, having received the discovery on January 30, 2026, *see, e.g.*, Docket No. 33-3 at 4-5.[1] The parties conferred on the missing discovery, with Plaintiff's counsel ultimately agreeing to allow responses by February 16, 2026. Docket No. 33-3 at 2. Having not received the responses by that date, Plaintiff filed a motion to compel and for an award of expenses. Docket No. 33. After the motion was filed, Defendant served responses with objections on March 9, 2026. Docket No. 35-8 at ¶¶ 9-10.

---

[1] Defense counsel essentially blames the lengthy delay on a change in attorney responsibilities within his law firm and the failure of the prior attorney to add the discovery requests to the litigation file. *See, e.g.*, Docket No. 35-8 at ¶¶ 2-3. There is no dispute, however, that Plaintiff properly served the discovery on counsel's law firm in the first instance, and that Defendant's attorney confirmed receipt of the requests on July 16, 2026. *See* Docket No. 35-3 at 4.

1

## II.    Motion to Compel

Plaintiff seeks an order compelling responses to the interrogatories and requests for production without objection.

### A.    Standards

Discovery is meant to proceed "largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also* Fed. R. Civ. P. 29.  Counsel must strive to be cooperative, practical, and sensible, and must seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)).  When an amicable resolution to a discovery dispute cannot be attained, however, a party may move for issuance of an order compelling discovery.  Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).  It is well-settled law that the "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992).  "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

### B.    Analysis

The record plainly shows that Defendant failed to respond to the interrogatories and requests for production in timely fashion.  This discovery was served on July 16, 2025, Docket No. 33-1 at ¶ 6, and Defendant did not respond until March 9, 2026, Docket No. 35-8 at ¶¶ 9-10.  Defendant attempts to avoid waiver by representing that Plaintiff's counsel agreed to allow late objections despite the many months of delay. *See, e.g.*, Docket No. 35 at 4.  Whether Plaintiff's counsel made that concession is hotly contested. *See, e.g.*, Docket No. 40 at 3.  Ultimately, the Court need not resolve the dueling attestations on that issue of fact.  Even assuming Plaintiff's counsel agreed to allow late objections, Defendant's response was still not timely even under the compromise position to which its attorney attests.  During the conferral process, Plaintiff's counsel

required the responses to be provided by February 16, 2026. Docket No. 33-3 at 2. Defendant did not meet that deadline. Defendant provides no explanation how it can now rely on opposing counsel's alleged offer to allow late objections when Defendant did not respond by the corresponding deadline set by opposing counsel. Instead, defense counsel unilaterally reset the discovery response deadline based on a deemed service date of January 30, 2026. *See, e.g.*, Docket No. 33-3 at 5. Unsurprisingly, the motion papers include no legal authority that an attorney has the prerogative to decide for himself a new deadline for discovery responses that are already six months overdue. *Contra* Fed. R. Civ. P. 34(b)(2) (a longer response period "may be stipulated to under Rule 29 or be ordered by the court" (emphasis added)). Remarkably, however, Defendant served its discovery responses 38 days after defense counsel's new service marker of January 30, 2026. *See* Docket No. 35-8 at ¶¶ 9-10 (attesting that responses were served on March 9, 2026). Defendant has provided no explanation as to how that timeframe could possibly be permissible.[2] In short, even taking as true Defendant's contention that Plaintiff's counsel agreed to allow objections if discovery responses were made, Defendant still did not serve responses in timely fashion under any possible metric. The Court agrees with Plaintiff that objections have been waived. Accordingly, the Court will grant the motion to compel Defendant to respond to the disputed discovery without objection.

---

[2] Defense counsel indicated that he would deem service accomplished on January 30, 2026, and that responses would be served "in the normal course pursuant to the applicable rules." Docket No. 33-3 at 5. Responses to interrogatories and requests for production are due 30 days after service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). When service is completed by email, an additional three days is added to that deadline. *See* Fed. R. Civ. P. 6(d) (addressing service made pursuant to Fed. R. Civ. P. 5(b)(2)(F)). In this case, 33 days from defense counsel's unilaterally deemed service date of January 30, 2026, would translate to a deadline of March 4, 2026. Defendant offers in the motion practice no scenario in which it was timely for Defendant to serve these discovery responses five days later on March 9, 2026.

### III.   Countermotion to Withdraw Admissions

Defendant seeks to withdraw its admissions.  Docket No. 35 at 5-8.  Plaintiff does not oppose that relief.  Docket No. 40 at 26.[3]  Accordingly, the Court will grant this request as unopposed.  *See* Local Rule 7-2(d).

### IV.   Motion to Award Expenses

#### A.   Standards

A pillar of federal litigation is that discovery should proceed with minimal involvement of the Court.  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)).  Instead of forcing judicial oversight of every dispute, attorneys are expected to approach discovery with an eye toward cooperation, practicality, and sensibility.  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  "The governing rules reflect this in several ways, including providing a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a discovery motion."  *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (citing *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994)).  Hence, when a motion to compel has been granted, the Court "must" generally award expenses to the victor.  *See* Fed. R. Civ. P. 37(a)(5)(B).[4]

The losing party may rebut the presumption of an award of expenses by establishing that her position was "substantially justified."  Fed. R. Civ. P. 37(a)(5)(B).  A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome."  *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D.

---

[3] Plaintiff expressly does not oppose this request, but invites the Court to come to its own conclusion without meaningful input from Plaintiff.  *See id.* at 26, 27.  Consistent with the governing rules, the Court declines that invitation.  Even were the Court to consider the issue on its own, however, it would find that Defendant met its burden of showing that the presentation of the merits would be promoted, Plaintiff has not established prejudice, and a sufficient showing has not been made that the Court should exercise its discretion to deny withdrawal.  *See, e.g.*, *McNamara v. Hallinan*, 2019 WL 6122003, at *3 (D. Nev. Oct. 28, 2019).

[4] The fact that the opposing party served discovery responses after the motion to compel was filed is not a ground on which to deny an award of expenses.  *See* Fed. R. Civ. P. 37(a)(5)(A) (providing for an award of expenses if the "requested discovery is provided after the motion was filed").

Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The party facing an award of expenses bears the burden of establishing substantial justification. *See Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 335 (D. Nev. 2016). District courts have "great latitude" in awarding expenses under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

If the movant is entitled to an award of fees, the Court turns to the familiar lodestar approach. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013). Under the lodestar method, the Court determines a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

B.    Analysis

The Court agrees with Plaintiff that an award of expenses is warranted. Plaintiff prevailed on the motion to compel responses without objection to the interrogatories and requests for production. Moreover, Defendant has not established substantial justification or unjust circumstances to avoid an award of expenses. To repeat, even crediting the best-case-scenario offered by Defendant, its discovery responses were still untimely.[5] Plaintiff is entitled to an award of expenses.[6]

With respect to the amount of fees, however, Plaintiff's papers are insufficient. As to a reasonable hourly rate, Plaintiff's counsel offers no evidence of any kind as to the prevailing rate in the community. *But see, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

---

[5] As discussed above, defense counsel afforded himself a new deadline based on a service date of January 30, 2026, but did not serve the responses for another 38 days, which would be untimely even if counsel were actually permitted to set his own response deadline.

[6] Defendant's opposition throws the kitchen sink at Plaintiff's entitlement to expenses. *See* Docket No. 35 at 8-11. The arguments are not well-developed or supported, and they are meritless.

comparable skill, experience and reputation"). Instead, Plaintiff's counsel indicates that her hourly rate is usually $400. *See* Docket No. 33-1 at ¶ 12. While the customary rate the attorney attests to charging other clients may be considered, *see, e.g.*, Local Rule 54-14(a)(3)(F), it is not dispositive of the inquiry of a reasonable rate, *see, e.g. Maldonado v. Leman*, 811 F.2d 1341, 1342 (9th Cir. 1987). Given the lack of substantiating information and the Court's familiarity with the legal market, *see Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011), the Court finds an hourly rate of $250 to be appropriate.

Plaintiff's counsel also fails to substantiate the number of hours claimed. The motion included a sum total of all hours related to the issues presented, including the meet-and-confer process. *See* Docket No. 33-1 at ¶ 12.[7] Plaintiff has not shown that the time conferring is recoverable. *See Aevoe Corp. v. AE Tech. Co.*, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) (collecting cases that time spent conferring is generally not recoverable). Moreover, some of the time spent on the briefing was related to the admissions for which withdrawal has been allowed. *See, e.g.*, Docket No. 33 at 11. Lastly, the issues in dispute are very simple, so extensive research and lengthy briefing should not have been needed. *See Marrocco*, 291 F.R.D. at 588 ("in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing"). Considering all of the circumstances, five hours of time was reasonably incurred in preparing the motion and reply.

Accordingly, Plaintiff's motion for expenses will be granted in part in that $1,250 of fees are awarded.

## V.    Final Warning to Counsel

The motion practice again reveal numerous violations of the local rules, including an improper counter-motion tucked within a responsive brief, *see* Docket No. 35; *but see* Local Rule

---

[7] The reply provides somewhat of a breakout of the numbers, Docket No. 40-1 at ¶ 9, but providing such information for the first time in reply is improper, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

2-2(b), over-lengthy briefing, *see* Docket No. 40 (27-page reply); *but see* Local Rule 7-3(b) (limiting replies to 12 pages), and failure to identify the district judge in the case caption, *see, e.g.*, Docket No. 33 at 1; *but see* Local Rule IA 10-2.[8]  This is by no means an isolated issue as this case has been plagued by procedural mishaps.  *See also, e.g.*, Docket No. 14.  As the Court has already done, it again orders that counsel must immediately familiarize themselves with the rules that govern the practice of law in this courthouse.  As explained by the Ninth Circuit:

> We recognize that many attorneys who appear in this court rarely practice in federal court at all or are not in the federal system by their own choice, but, rather, were removed here by the opposing litigant. The fact that an attorney's federal practice is rare or infrequent, however, is no excuse for ignoring the rules of this court.  Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court.  It is incumbent upon an attorney practicing in [this federal district court] for the first time to secure and study the Federal Rules of [Civil Procedure] and the local rules of this [District] so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance.  Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.

*Dela Rosa v. Scottsdale Mem. Hosp. Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998).  Particularly given prior admonitions of counsel in this case, the Court's patience is running very thin for the continued violations of the rules that govern practice in this federal courthouse.  The Court would be justified to impose sanctions now for the continued violations in this motion practice.  Nonetheless, as a final warning, counsel for both sides are **CAUTIONED** that <u>further violations of the governing rules will likely result in the imposition of sanctions</u>.

**VI.    Conclusion**

For the reasons discussed above, the Court rules as follows:  (1) Plaintiff's motion to compel is **GRANTED** in that Defendant must provide discovery responses without objection by April 1, 2026; (2) Defendant's counter-motion to withdraw admissions is **GRANTED**; and (3) Plaintiff's motion for an award of expenses is **GRANTED** in part in that Defendant must pay

---

[8] This is not an exhaustive catalogue of all violations evidenced in the current motion practice.

$1,250 in fees by April 1, 2026.  Counsel for both sides are **CAUTIONED** that <u>further violations of the governing rules will likely result in the imposition of sanctions</u>

IT IS SO ORDERED.

Dated: March 18, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

8